**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 18 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIANA NELSON, an individual, on behalf of herself and all others similarly situated, | No.   16-55227 |
| | D.C. No. 3:13-cv-00188-WQH-MDD |
| Plaintiff-Appellant, | |
| v. | MEMORANDUM[*] |
| STANDARD INSURANCE COMPANY, an Oregon Company; COUNTRYWIDE FINANCIAL CORPORATION GROUP LONG TERM DISABILITY PLAN; COUNTRYWIDE FINANCIAL CORP., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Argued and Submitted November 13, 2017
Pasadena, California

Before:  KOZINSKI, HAWKINS, and PARKER,[**] Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Barrington D. Parker, United States Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

The District Court properly dismissed Nelson's claims alleging violations of California Insurance Code § 10144. The text and the legislative history of the provision make clear that it bars discrimination in accessing insurance, but does not mandate the content of insurance coverage. Therefore, we agree that the policy does not violate §10144 by providing different coverage for mental and physical disorders.

We also agree with the District Court that Standard did not violate ERISA. ERISA § 502 affords significant discretion to plan administrators. Determinations must be upheld unless the administrator abused its discretion by reaching a decision that was (1) implausible (2) illogical, or (3) without support in the record. *Stephan v. Unum Life Ins. Co. of Am.*, 697 F.3d 917, 929-30 (9th Cir. 2012). We see no abuse of discretion. The District Court correctly concluded that Standard's interpretation of the relevant provisions of its policy was reasonable. The administrator's decision was not implausible or illogical. The record on which the administrator relied included the results of extensive examinations by Nelson's physicians, medical records from treating physicians, and the opinions of other physicians establishing that mental disability was the substantial component of Nelson's illness. Standard was not required to assess the cause of Nelson's depression because Standard's plan explicitly addressed combined or concurrent causation. Thus, the state law doctrine of proximate cause was inapplicable. *Cf.*

2

*Winters v. Costco Wholesale Corp.*, 49 F.3d 550, 554 (9th Cir. 1995).

We have considered Nelson's other arguments and conclude they are without merit.

**AFFIRMED.**

Nelson's motion for certification (Dkt. Entry No. 35) is denied.